**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES  DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| IN RE: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE NATIONAL COURT ADMINISTRATION OF THE REPUBLIC OF KOREA, IN THE MATTER OF MALSAENG CO., LTD. v. YOUNG-SUNG KIM, | No. C15-80069 MISC LB |

**ORDER GRANTING PETITIONER'S APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN A FOREIGN LEGAL PROCEEDING PURSUANT TO 28 U.S.C. § 1782**

_____/     [Re: ECF No. 1]

## INTRODUCTION

Petitioner United States of America filed an *ex parte* application to take discovery pursuant to 28 U.S.C. § 1782.  (Application, ECF No. 1.[1])  That statute allows a district court to order a person residing or found within its district to produce documents or provide testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege.  (*See* 28 U.S.C. § 1782.)  The United States has consented to the undersigned's jurisdiction.  (Consent, ECF No. 2.)  Upon consideration of the United States's application and the relevant legal authority, the court grants the application.

## STATEMENT

The National Court Administration of the Republic of Korea requests that the United States

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

UNITED STATES DISTRICT COURT
For the Northern District of California

1   Attorney's Office for the Northern District of California obtain information and documents from

2   Google, Inc.. a company located in Mountain View, California, which is located in this District.

3   (Memo, ECF No. 1-1 at 1.)  The information and documents are sought by the Korean[2] court for use

4   in a lawsuit brought by Malsaeng Co., Ltd. against Young-Sung Kim, for recovery of damages.  (*Id.*;

5   *see also* Declaration of Melanie Proctor, Ex. A, ECF No. 1-2.)  Specifically, the Korean court seeks,

6   from February 7, 2013 to the present date, (1) a "list of all the applications sold under the name of

7   seller Defendant Yuong-Sung Kim who registered as a seller with the email address of

8   kandroidmobile@gmail.com and ID of KevinKim," (2) the "total number of such applications sold,"

9   (3) the "retail prices of each of such applications," and (4) "the total net amount actually paid to the

10  Defendant after deduction of any fees or expenses."  (Declaration of Melanie Proctor, Ex. A, ECF

11  No. 1-2 at 11.)

12      By letters dated January 21, 2015 and February 24, 2015, the United States Attorney's Office

13  requested that Google, Inc. voluntarily provide the requested information.  (Declaration of Melanie

14  Proctor, ¶ 3, ECF No. 1-2 at 1.)  On February 27, 2015, Google, Inc. informed the United States

15  Attorney's Office that it will not voluntarily provide the requested information, but it may respond

16  to a subpoena.  (*Id.*, ¶ 4, ECF No. 1-2 at 2.)

17      On March 2, 2015, the United States filed the pending application.  (Application, ECF No. 1.)  It

18  asks the court to grant the application and appoint Assistant United States Attorney Melanie Proctor

19  as Commissioner and authorize her to obtain the requested information from Google, Inc.

20                                  **ANALYSIS**

21  **I.  LEGAL STANDARD**

22      28 U.S.C. § 1782(a) provides, in pertinent part:

23          The district court of the district in which a person resides or is found may order him
            to give his testimony or statement or to produce a document or other thing for use in a
24          proceeding in a foreign or international tribunal, including criminal investigations
            conducted before formal accusation.  The order may be made pursuant to a letter
25

26      _____

27      [2] The United States's memorandum states that the information and documents are sought by
    "the Taiwan court," but the court presumes, in light of every other statement in the application,
28  memorandum, accompanying declaration, and proposed order that the United States means "the
    Korean court."

rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

A litigant in a foreign action qualifies as an "interested person" under § 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 ( 2004). In order to apply for discovery pursuant to § 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Id*. at 258- 59. Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id*. at 259 (holding that discovery was proper under § 1782 even though the applicant's complaint against the opposing party was only in the investigative stage). An *ex parte* application is an acceptable method for seeking discovery pursuant to § 1782. *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may raise objections and exercise their due process rights by bringing motions to quash the subpoenas).

A district court has wide discretion to grant discovery under § 1782. *Intel*, 542 U.S. at 260- 61. In exercising its discretion, a district court should consider the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *See id*. at 264- 65.

A district court's discretion is to be exercised in view of the twin aims of § 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts. *See Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2004). There is no requirement that the party seeking discovery establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

UNITED STATES DISTRICT COURT
For the Northern District of California

## II. APPLICATION

### A. Statutory Requirements

The United States's application satisfies the minimum requirements of § 1782: Google, Inc. resides in Mountain View, California, which is in this District; the requested discovery is for use in a Korean lawsuit brought by Malsaeng Co., Ltd. against Young-Sung Kim, for recovery of damages, which is a proceeding before a foreign tribunal; the request was made by the National Court Administration of the Republic of Korea, a foreign tribunal; and the instant *ex parte* application is an acceptable method of requesting discovery under § 1782, *see In re Letters Rogatory*, 539 F.2d at 1219.

### B. Exercise of the Court's Discretion

The court finds good cause to exercise its discretion to authorize the requested discovery. Although Google, Inc. is not a litigant in the Korean lawsuit, the Korean court requested the information, so it is clear that it is receptive to this court's assistance and that the request is not an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States. It also does not appear that the request is unduly intrusive or burdensome. Should Google Inc. disagree upon being served with the subpoena, it may file a motion to quash and raise the issue at that time.

### CONCLUSION

Based on the foregoing, the court grants the United States's application and appoints Assistant United States Attorney Melanie Proctor as Commissioner and authorizes her to obtain the requested information from Google, Inc. The Clerk of the Court shall close this action for administrative purposes. Should Google, Inc. file a motion to quash, the action shall automatically be reopened.

**IT IS SO ORDERED.**

Dated: March 11, 2015

_____
LAUREL BEELER
United States Magistrate Judge